**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **RICKY DEAL,** ) | Case No. 3:14CV393 |
| ) | |
| **Petitioner,** ) | **JUDGE JEFFREY J. HELMICK** |
| ) | |
| v. ) | Magistrate Judge George J. Limbert |
| ) | |
| **ALAN J. LAZAROFF, WARDEN** ) | |
| ) | **REPORT AND RECOMMENDATION** |
| **Respondent.** ) | **OF MAGISTRATE JUDGE** |
| ) | |

On February 13, 2014[1], Ricky Deal ("Petitioner"), acting *pro se*, executed a petition for a writ of federal habeas corpus in this Court pursuant to 28 U.S.C. § 2254. ECF Dkt. #1. Petitioner seeks relief from convictions entered by the Putnam County Court of Common Pleas, Ohio for one count of operating a vehicle under the influence in violation of Ohio Revised Code ("ORC") § 4511.19(A)(1)(a); a felony of the third degree, one count of tampering with evidence in violation of ORC § 2921.12(A)(2); a felony of the third degree, and one count of identity fraud in violation of ORC. § 2913.49(B)(2); a felony of the third degree. On July 16, 2014, Respondent, Alan J. Lazaroff ("Respondent"), Warden at Mansfield Correctional Institution, filed a motion to dismiss Petitioner's § 2254 petition. ECF Dkt. #5. No response was filed. For the following reasons, the undersigned recommends that the Court DISMISS the instant petition, in its entirety, with prejudice:

## I. PROCEDURAL BACKGROUND

### A. State Trial Court

Petitioner was indicted on April 29, 2011 by the Putnam County Court of Common Pleas

---

[1]The filing date for a petition from an incarcerated *pro se* petitioner is the date the petition was handed over to the prison mail system, not the date it was received and docketed by the federal habeas court. *Houston v. Lack*, 487 U.S. 266, 270-72, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). Here, Petitioner mailed the petition to his mother so she could attach the filing fee. Nonetheless, Petitioner placed the petition in the prison mailing system on February 13, 2014. ECF Dkt. #1 at p. 15.

grand jury on one count of driving under the influence in violation of O.R.C. §4511.19(A)(1)(a)&(G)(1)(e), with prior offense specification; one count of tampering with evidence in violation of O.R.C. §2921.12(A)(2); and one count of identity fraud in violation of O.R.C. §2913.49(B)(1)/(B)(2). ECF Dkt .#5-1 at p. 3. Petitioner pleaded not guilty to all the charges in the indictment. ECF Dkt .#5-1 at p. 5.

The case proceeded to trial where jury returned verdicts of guilty on all counts. ECF Dkt .#5-1 at p. 7-8. In an entry filed December 23, 2011, the court dismissed the fraud count as an allied offense with the tampering with evidence count, and sentenced Petitioner to an aggregate sentence of six years of imprisonment. The court also suspended Petitioner's driver license for his lifetime. ECF Dkt .#5-1 at p. 9-11.

### B. Direct Appeal

On January 12, 2012, Petitioner, through counsel, filed a notice of appeal to the Third District Court of Appeals. ECF Dkt. #5-1 at p. 12. Petitioner raised the following assignments of error in his appellate brief:

> 1. THE JURY ERRED IN FINDING APPELLANT GUILTY AS THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF EVIDENCE AND THERE WAS INSUFFICIENT EVIDENCE TO HAVE FOUND ALL ESSENTIAL ELEMENTS OF THE OFFENSE BEYOND A REASONABLE DOUBT.
>
> 2. THE PROSECUTION PREJUDICED THE OUTCOME OF THE CASE THROUGH IMPROPER CLOSING ARGUMENT.

ECF Dkt. #5- 1 at p. 14-77. The state filed a brief in response. ECF Dkt. #5-1 at p. 78-86. On August 27, 2012 the Court of Appeals overruled both of Petitioner's assignment of errors and affirmed the judgment of the Putnam County Court of Common Pleas. ECF Dkt. #5-1 at p. 87-102.

### C. Supreme Court of Ohio

Petitioner failed to perfect a timely appeal on discretionary review to the Ohio Supreme Court, and his conviction became final forty-five days later, on October 11, 2012. Three months later, on January 7, 2013, Petitioner, acting *pro se*, filed a notice of appeal along with a motion for delayed appeal with the Ohio Supreme Court claiming he asked his appellate counsel to file an appeal to the Ohio Supreme Court, but counsel failed to do so. ECF Dkt. #5-1 at p. 103-124. Despite his assertions of appellate counsel error, Petitioner did not pursue any App. R. 26(B) application,

nor did he indicate when he discovered that no appeal had been filed. In an order filed February 20, 2013 the Ohio Supreme Court denied Petitioner's Motion for delayed appeal. ECF Dkt. #5-1 at p. 125.

## II. FEDERAL HABEAS CORPUS PETITION

On February 13, 2014, Petitioner executed the instant petition seeking relief from his state court conviction. Petitioner presents the following grounds for relief:

> GROUND ONE: The jury in finding the appellant guilty as the verdict was against the manifest weight of the evidence and there was insufficient evidence to have found all the essential elements of the offense beyond a reasonable doubt.
>
> Supporting Facts: In the case herein ther [sic] was no evidence presented that the Petitioner was under the influence of alcohol, a drug of abuse, or a combination od [sic] them at the time he was operating the vehicle. The arresting officer testified that there was no smell of alcohol at the time of the stop. The officer also testified that the Petitioner was not driving erratically and the only reason for the stop was that the Petitioner was exceeding the speed limit. The officer also testified that he performed field sobriety tests incorrectly to NHSTA standards.
>
> GROUND TWO: The prosecution prejudiced the outcome of the case through improper closing argument.
>
> Supporting Facts: The prosecutor made several comments as to the credibility of witnesses in order to procure a conviction which constituted prosecutorial misconduct.
>
> GROUND THREE: Petitioner received ineffective assistance of appellate counsel.
>
> Supporting Facts: Counsel failed to file a timely notice of appeal to the Ohio Supreme Court as he agreed to do for the Petitioner. Counsel also managed to argue the appellants [sic] issues on direct in a total of one and a half pages.

ECF Dkt. #1.

## III. PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a writ of federal habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

Respondent contends that the instant petition is time-barred and should be dismissed. In general, a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 must comply with the statute of limitations period set forth in 28 U.S.C. § 2244, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The statute of limitations is tolled for any period of time in which a properly filed petition for post-conviction relief is pending before the state courts. *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003); *see* 28 U.S.C. §2244(d)(2). To determine if a state proceeding will toll the statute of limitations, the Sixth Circuit has held that:

> A state petition for post-conviction or other collateral review that does not address one or more of the grounds of the federal habeas petition in question is not a review 'with respect to the pertinent judgment or claim' within the meaning of 28 U.S.C. § 2244(d)(2), and therefore does not toll the one-year AEDPA statute of limitations.

*Austin v. Mitchell*, 200 F.3d 391, 395 (6th Cir. 1999). Further, the "tolling provision does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

The one-year statute of limitations under Section 2244 is subject to equitable tolling when a petitioner's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the petitioner's control. *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000). The Sixth Circuit has stated that "federal courts sparingly bestow equitable tolling." *Graham-Humphreys*, 209 F.3d at 560-61; *Jurado*, 337 F.3d at 642. When determining whether equitable tolling is appropriate, the court must consider: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing [her] claim." *Dunlap*, 250 F.3d at 1008; *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002). These factors are not comprehensive and not all of the factors are relevant in all cases. *Cook*, 295 F.3d at 521. Whether equitable tolling is appropriate is a case-by-case analysis. *Id*. "Absence of prejudice is a factor to be considered only after a factor that might justify tolling is identified." *Allen v. Yukins*, 366 F.3d 396, 401-02, 404 (6th Cir. 2004). The petitioner bears the ultimate burden of persuading the court that he is entitled to equitable tolling. *Vroman*, 346 F.3d at 605.

**IV.     ANALYSIS**

    **A.     AEDPA STATUTE OF LIMITATIONS**

Respondent argues that Petitioner's AEDPA statute of limitations began to run on October 11, 2012, forty-five days after he failed to file a discretionary appeal with the Ohio Supreme Court. Eighty-eight days of his AEDPA limitations period ran from October 12, 2012 until January 7, 2013, when Petitioner filed his delayed motion for appeal in the Ohio Supreme Court. ECF Dkt. #5-10. Thus, Petitioner's AEDPA one-year period was tolled, and not restarted, during the pendency of this delayed appeal. *Searcy v. Carter*, 246 F.3d 515 (6th Cir. 2001.) However, on February 20, 2013, the Ohio Supreme Court denied Petitioner's motion to pursue a delayed appeal. ECF Dkt. #5- 11. As such, Petitioner's AEDPA one-year period resumed running February 21, 2013 with two hundred seventy seven days remaining. (365 - 88 = 277).

Petitioner failed to "properly file" any further qualifying collateral actions that could have

-5-

served to toll under 28 U.S.C. §2244(d)(2). As such, Petitioner's AEPDA one-year period expired two hundred seventy-seven days following the Ohio Supreme Court's February 20, 2013 denial of the motion to file a delayed appeal, on November 25, 2013. Therefore, absent equitable tolling, the petition, executed February 13, 2014 was filed eighty days beyond the statutory deadline. For this reason, the undersigned recommends that the Court find that Petitioner has not timely filed his federal habeas corpus petition.

### B. **EQUITABLE TOLLING**

The United States Supreme Court has held that the AEDPA statute of limitations is "subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). Equitable tolling allows a federal habeas court to review a time-barred habeas petition "provided that 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.' " *Robinson v. Easterling*, 424 F. App'x 439, 442 (6th Cir.), *cert. denied,* ––– U.S. ––––, 132 S.Ct. 456, 181 L.Ed.2d 297 (2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir.2010)). In order to be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Holland*, 130 S.Ct. at 2562, quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). A petitioner must show that he exercised reasonable diligence in pursuing his rights, not maximum diligence. *Holland*, 130 S.Ct. at 2565. Here, Petitioner has offered no argument in favor of equitable tolling. Accordingly, the undersigned recommends that the Court find that Petitioner failed to establish that he is entitled to equitable tolling.

### C. **ACTUAL INNOCENCE**

The Sixth Circuit Court of Appeals has also held that the Constitution requires an actual innocence exception to AEDPA's statute of limitations. *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005). But "actual innocence means factual innocence, not mere legal insufficiency." *Id.* at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)). Normally, in order to obtain collateral review of a defaulted claim upon a showing of actual innocence, a petitioner must establish that he is not only actually innocent of the charge which he

seeks to attack, he must also demonstrate that he is actually innocent of all other more serious charges which the government had foregone during the plea bargaining process. *See Bousley* at 1611-12; *Luster v. United States*, 168 F.3d 913, 915 (6th Cir.1999).

To succeed on this theory, Petitioner must show that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id*. at 324. The United States Supreme Court has cautioned that the actual innocence exception should "remain rare" and should "only be applied in the "extraordinary case." *Id.* at 321.

Here, Petitioner has offered no argument or evidence in support of an argument that he is actually innocent of the offenses for which he was convicted. For this reason, the undersigned recommends that the Court find that the actual innocence exception does not apply to allow consideration of Petitioner's federal habeas corpus petition despite his untimely filing.

## V.  CONCLUSION

For the foregoing reasons, the undersigned recommends that the Court find that Petitioner's instant federal habeas corpus petition is untimely filed and grant Respondent's Motion to Dismiss the petition, in its entirety, with prejudice.


Date: January 23, 2015                    */s/George J. Limbert*
                                          GEORGE J. LIMBERT
                                          UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).